IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA )
)
v. ) CASE NO. CR417-114
)
TIMOTHY KENDALL STEWART, )
)
Defendant. )
)

## ORDER

Before the Court is Defendant's Motion in Limine. (Doc. 41.) In this motion, Defendant requests that the Government be precluded from introducing certain evidence of Defendant's prior convictions. (Id.) For the following reasons, Defendant's Motion in Limine is **DENIED**.

On July 5th, 2017, Defendant was indicted on 3 counts of possession of a firearm by a convicted felon. (Doc. 28.) On August 3, 2017, the United States provided notice of its intent to introduce evidence of certain prior crimes and cross examine the Defendant "regarding all felony convictions and all crimes involving dishonesty, including convictions that fall outside the 10 year window." (Doc. 37.) In response, Defendant has requested that this court exclude all evidence of Defendant's prior convictions as inadmissible under Federal Rules of Evidence 404(a), 404(b), and 403. (Doc. 41.)

U. S. DISTRICT COURT
Southern District of Ga.
Filed in Office

M
9/29 2017

Deputy Clerk

Under Federal Rule of Evidence 404(a), "evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion." Moreover, Federal Rule of Evidence 404(b) provides that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." In deciding to admit evidence of prior convictions, this Court would first determine whether the evidence of prior convictions was offered for some purpose other than to prove Defendant's conformity with those prior actions. If the Court determined that the evidence was offered for some purpose other than to show conformity, the Court would then consider Federal Rule of Evidence 403. This rule provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. Only after finding that the evidence was offered for some other purpose than to show conformity and that its prejudicial value did not substantially outweigh its probative value, would the Court admit evidence of Defendant's prior convictions.

At this stage in the proceeding, the Court is unable to exclude the information requested by Defendant. Defendant has been charged as a felon in possession. Therefore, the Government is required to prove that Defendant is in fact a felon-an

2

element requiring proof of at least one prior conviction. See, e.g., Old Chief v. United States, 519 U.S. 172, 178 (1997). Further, the Court is unable to discern how the evidence of prior convictions would be used at trial. Without this context, there is no way to discern whether the evidence would be used to show conformity with prior actions or if the probative value of the evidence would outweigh its prejudicial effect. Because the Court cannot exclude the evidence at this time, Defendant's Motion in Limine (Doc. 41) is **DENIED**. If necessary, Defendant may object at trial to evidence of prior convictions offered by the Government.

SO ORDERED this 29th day of September 2017.

WILLIAM T. MOORE, JR
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA