# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR417-114 |
| | ) | |
| TIMOTHY KENDALL STEWART, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Defendant Timothy Stewart, indicted for three counts of being a felon in possession of a firearm, doc. 28, moves to dismiss all three counts of the superseding indictment due to insufficient evidence to support the respective charges. Doc. 40 (citing DNA evidence that allegedly excludes defendant as a possessor of the weapon); doc. 44 (citing the affidavit of a gun owner, who swears defendant never had possession of the pistol in question).[1] The Government opposes. Doc. 46.

Pretermitting whether Stewart's motion is timely, *see* S.D. Ga. L. Crim. R. 12.1 (requiring pretrial motions be filed within 10 days of

---

[1] The Court previously found that defendant's first motion to dismiss (doc. 40) was moot, per a communication from defense counsel to the Clerk. Doc. 43. It will resurrect it here just to emphasize the insubstantiality of defendant's theory.

1

arraignment),[2] the relief he seeks is not available. A federal court may not assess the sufficiency of the evidence supporting an indictment obtained from an unbiased grand jury. *United States v. Calandra*, 414 U.S. 338, 344-45 (1974) ("an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence"); *Costello v. United States*, 350 U.S. 359, 362-63 (1956); *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006) ("[i]t is well-settled that 'a court may not dismiss an indictment . . . on a determination of facts that should have been developed at trial'" (quoting *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987))); *United States v. Brown*, 574 F.2d 1274, 1277 (5th

---

[2] The Court entered a new Scheduling Order on July 20, 2017, the date of Stewart's arraignment on the superseding indictment. *See* doc. 35 (Scheduling Order requiring pretrial motions be filed "within 10 days of the date of arraignment, as provided by Local Rule 12.1."); doc. 34 (Minute Entry for Arraignment held on July 20, 2017). Pretrial motions were thus due by July 30, 2017. On August 29, 2017, the Court entered an Order memorializing the parties' representation that "all pretrial motions have been complied with and/or that all matters raised in the parties' motions have been resolved by agreement." Doc. 42 (Notice to Counsel response); doc. 43 (Order finding hearing unnecessary). Despite that representation, defendant filed a second motion to dismiss on September 19, 2017. Doc. 44. Thus, the second motion is clearly untimely, and that untimeliness provides an independent basis for its denial. *See United States v. Smith*, 918 F.2d 1501, 1509 (11th Cir. 1990) ("By failing to file his motion within the deadline set by the court a defendant waives his right to assert [his] motion."). While the Court may grant relief from such a waiver upon a showing of cause, *id.*; *see also* Fed. R. Crim. P. 12(c)(3), the defendant has failed to demonstrate cause for the untimeliness of his motion.

Cir. 1978); *United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975). The Federal Rules of Criminal Procedure permit a defendant to raise prior to trial only those defenses or objections which "the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). "It follows that a pretrial motion to dismiss the indictment cannot be based on a sufficiency of the evidence argument because such an argument raises factual questions embraced in the general issue." *United States v. Ayarza-Garcia*, 819 F.2d 1043, 1048 (11th Cir. 1987), *superseded by statute on other grounds as recognized in United States v. Tinoco*, 304 F.3d 1088, 1104-06 (11th Cir. 2002); *see United States v. Salman*, 378 F.3d 1266, 1268-69 (11th Cir. 2004) ("It is not for the courts to filter which criminal cases may reach the trial stage by reviewing the proffered evidence in advance."); *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir 1992) (per curiam) ("[t]here is no summary judgment procedure in criminal cases"); *see also United States v. Wilkerson*, 2017 WL 2983889 at * 5 n. 2 (11th Cir. July 13, 2017) (quoting *Salman*, 378 F.3d at 1268). While this Court may review the *legal* sufficiency of the indictment, it may not (at this stage) review the sufficiency of the proof that will be offered in support of the indictment's allegations or second-guess the

3

grand jury's probable cause findings.

The legal sufficiency of an indictment is determined from its face. *Critzer*, 951 F.2d at 307. The indictment in this case alleges that defendant "did unlawfully and knowingly possess . . . a firearm" as a felon. Doc. 28. This allegation is sufficient to call for a trial. Indeed, Stewart challenges only the *factual*, but not the legal, sufficiency of those charges. *See* docs 40 & 44. Whether it is based upon sufficient evidentiary support may not be determined through a pretrial motion. *Critzer*, 951 F.2d at 307 (Federal Rules of Criminal Procedure do not "provide for a pre-trial determination of sufficiency of the evidence."). Accordingly, Stewart's motions (docs. 40 & 44) should be **DENIED**.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this <u>7th</u> day of December, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA